J-S49033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LYDIA SUMO | |
| Appellant | No. 3506 EDA 2013 |

Appeal from the Judgment of Sentence entered September 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011690-2012

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2014**

Lydia Sumo appeals from the judgment of sentence entered for her conviction of various crimes of violence.  Sumo's court-appointed counsel has filed an **_Anders_**[1] brief and petitioned to withdraw, claiming this appeal is wholly frivolous.  We affirm and grant the petition to withdraw.

> On August 3rd, 2012, Officer [Lawrence[2]] Tevelson responded to a radio call for a person with a weapon and females fighting with knives inside of 5523 Walnut Street in Philadelphia, Pennsylvania.  When Officer Tevelson arrived on location, he came into contact with a complainant, [Georgess] Harris and a witness, Martherline Ahossouhe.  At this time, Ms. Harris was actively bleeding from the arm.  Officer Tevelson entered the property and the [Appellant], Lydia Sumo, came running down

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

[2] The trial court and Appellant state that Officer Tevelson's first name is "Jason," but the Commonwealth and the record refer to him as "Lawrence."

> the hallway towards Officer Tevelson with a knife raised over her head, while screaming "I'm gonna kill you". At this time, Officer Tevelson drew his weapon and ordered the [Appellant] to drop the knife. After ordering the [Appellant] to drop the knife twelve times, the [Appellant] finally dropped the knife. Officer Tevelson had the [Appellant] drop to her knees and she continued to resist arrest by not allowing Officer Tevelson to place handcuffs on her wrist.

Trial Court Rule 1925(a) Opinion, 2/7/14, at 1. Officer Tevelson arrested Appellant, and she was charged with aggravated assault, possession of an instrument of crime (PIC), terroristic threats, simple assault, recklessly endangering another person (REAP), and resisting arrest.[3]

At a bench trial, the trial court found Appellant guilty of all charges. It later sentenced Appellant to two years' probation, a mitigated range sentence.[4] This appeal followed.

Before the trial court, Appellant's counsel filed a notice of intent to file an **Anders** brief in lieu of a statement of matters complained of on appeal. **See** Pa.R.A.P. 1925(c)(4). Before this Court, Appellant's counsel has filed an **Anders** brief and a petition to withdraw as counsel. In the **Anders** brief, counsel identifies two potentially meritorious issues for review: (1) whether Appellant's convictions are supported by sufficient evidence; and (2)

---

[3] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2706(a)(1), 2701(a), 2705, and 5104, respectively.

[4] Appellant is attempting to become a U.S. citizen. The trial court imposed a probationary sentence on the belief that it would not affect her immigration status. **See** N.T. Sentencing, 11/6/13 at 10.

whether the trial court erred in excluding character evidence of Appellant's reputation for truthfulness.

Before we consider whether this appeal is frivolous, we must address counsel's petition to withdraw. To withdraw under **Anders**, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) send the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

We find that counsel has met the procedural and substantive requirements of **Anders** and our Supreme Court's **Santiago** decision. Appellant has not responded to counsel's letter, so we now examine the issues raised to determine whether the appeal is wholly frivolous.

The first issue to which counsel directs us is the sufficiency of the evidence.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Rahman**, 75 A.3d 497, 500-01 (Pa. Super. 2013) (quoting **Commonwealth v. Pettyjohn**, 64 A.3d 1072, 1074-75 (Pa. Super. 2013)) (other internal quotations and citations omitted).

Aggravated assault, as charged in this case required, at a minimum, proof that Appellant (1) attempted by physical menace (2) to place an enumerated officer, while in performance of duty, (3) in fear of imminent serious bodily injury. 18 Pa.C.S.A. § 2702(a)(6).[5] An "enumerated" officer includes a police officer. **Id.** § 2702(c). Attempt requires proof of intent, and intent can be inferred from attendant circumstances. **Id.** § 901(a); **Commonwealth v. Landis**, 48 A.3d 432, 446 (Pa. Super. 2012) (*en banc*).

---

[5] Count 1 of the criminal information charged Appellant with committing acts which would constitute aggravated assault under subsections (3), (4), and (6) of § 2702. Appellant's counsel has restricted his discussion to subsection (6). We will confine our analysis accordingly.

- 4 -

Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

In this case, Officer Tevelson entered a house to investigate a report of a knife fight. When he announced himself as a police officer, Appellant charged at Officer Tevelson while brandishing a butcher knife and threatening to kill him. She kept running at Officer Tevelson even though he had drawn his service pistol. Appellant dropped the knife only after she was close enough that Officer Tevelson could have touched her, and after he repeatedly ordered her to do so. Appellant's actions in waiving about a large kitchen knife, charging at an armed police officer, and threatening to kill the officer constitute sufficient proof of attempting by physical menace to place Officer Tevelson in fear of immediate serious bodily injury. Viewing the record in the light most favorable to the Commonwealth, evidence of aggravated assault is therefore sufficient to sustain Appellant's conviction.

Appellant also was convicted of simple assault and recklessly endangering another person (REAP). These counts are lesser-included offenses of aggravated assault.[6] Because the evidence of aggravated

---

[6] A person who, *inter alia*, by physical menace, places another person in fear of imminent serious bodily injury is guilty of simple assault. 18 Pa.C.S.A. § 2701(a)(3). A person who "recklessly engages in conduct which places or
*(Footnote Continued Next Page)*

assault was sufficient, it is, *a fortiori*, sufficient to sustain a conviction for any lesser-included offense. **See Commonwealth v. Smith**, 956 A.2d 1029, 1036 (Pa. Super. 2008) ("[W]here the evidence is sufficient to support a claim of aggravated assault it is also sufficient to support a claim of [REAP].") (internal quotation omitted); **Commonwealth v. Repko**, 817 A.2d 549, 554 (Pa. Super. 2003) (noting that the difference between simple assault by physical menace and aggravated assault by physical menace is that the latter requires proof that the victim is an enumerated officer), *overruled on other grounds by* **Commonwealth v. Matthews**, 870 A.2d 924, 932-33 (Pa. Super. 2005) (*en banc*).

A person who, *inter alia*, "communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another," is guilty of terroristic threats. 18 Pa.C.S.A. § 2601(a)(1). Belief of harm by the person being threatened is not an element of the crime, and "[b]eing angry does not render a person incapable of forming the intent to terrorize." **Commonwealth v. Fenton**, 750 A.2d 863, 865 (Pa. Super. 2000). Appellant threatened to kill Officer Tevelson while wielding a large knife. She charged the officer and refused to stop until ordered to do so multiple times. Viewed in the light most favorable to the Commonwealth, the evidence sufficient to sustain Appellant's conviction for terroristic threats.

*(Footnote Continued)* ———————————

may place another person in danger of death or serious bodily injury" is guilty of REAP. **Id.** § 2705.

- 6 -

PIC requires proof that a person possessed an instrument of crime with the intent to employ it criminally. 18 Pa.C.S. § 907(a). An instrument of crime includes "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." *Id.* § 907(d). Here, Appellant used a large butcher knife to threaten Officer Tevelson. Threatening to kill a police officer is not one of the lawful purposes for which butcher knives are designed. *Commonwealth v. Robinson*, 874 A.2d 1200, 1208-09 (Pa. Super. 2005) (holding that use of a knife to perpetrate a robbery was sufficient evidence of PIC). Therefore, the evidence of PIC was sufficient.

Resisting arrest requires proof that a person intended to prevent a lawful arrest by creating "a substantial risk of bodily injury to the public servant or anyone else, or employ[ing] means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104; *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (finding sufficient evidence where defendant struggled with officer, struck him using his shoulders, cursed at him, and told him to get off). Here, after Appellant dropped the knife she was wielding, Officer Tevelson attempted to arrest her. She struggled with him, had to be forced to the ground, and refused to be handcuffed. These facts constitute sufficient evidence of resisting arrest.

In sum, any challenge to the sufficiency of the evidence for any of Appellant's convictions would be wholly frivolous.

We turn to the second issue identified by Appellant's counsel. At trial, Appellant attempted to introduce character evidence by stipulation. The trial court accepted the stipulation regarding Appellant's reputation for nonviolence, but refused to accept evidence of Appellant's reputation for truthfulness when the Commonwealth objected.

We review decisions regarding the admissibility of evidence for an abuse of discretion. *Commonwealth v. Akbar*, 91 A.3d 227, 235 (Pa. Super. 2014) (quoting *Commonwealth v. Montalvo*, 986 A.2d 84, 94 (Pa. 2009)). In a criminal case, the defendant may offer evidence of a *pertinent* trait of character, and the prosecution can offer evidence in rebuttal. Pa.R.E. 404(a)(2); *Commonwealth v. Harris* 785 A.2d 998, 1001 (Pa. Super. 2001) (noting that character evidence for non-violence is pertinent in a prosecution for murder).

Character for truthfulness is admissible in two situations: (1) in prosecutions for *crimena falsi* or (2) to rebut the prosecution's attack on the defendant's character for truthfulness. *Commonwealth v. Fulton*, 830 A.2d 567, 572-73 (Pa. 2003) (Opinion Announcing the Judgment of the Court). The prosecution's character attack must directly assail the defendant's reputation for being truthful. *Id.* at 573-74; *Commonwealth v. Constant*, 925 A.2d 810, 822-23 (Pa. Super. 2007), *overruled on other grounds by Commonwealth v. Minnis*, 83 A.3d 1047 (Pa. Super. 2014) (*en banc*). Merely cross-examining the defendant does not open the door. *Commonwealth v. Fisher*, 764 A.2d 82, 87 (Pa. Super. 2000). Nor does

suggesting that the defendant's factual theory is incorrect. ***Constant***, 925 A.2d at 823.

In this case, Appellant was not charged with *crimena falsi*. Rather, all of Appellant's charges are crimes of violence or weapons crimes, for which truthfulness is not a relevant character trait. Moreover, the Commonwealth did not assail her character for truthfulness. Although the Commonwealth cross-examined her regarding the events leading to the criminal charges, mere cross-examination is insufficient to make the defendant's character for truthfulness relevant.

Having reviewed the record of this case, we conclude that this appeal is wholly frivolous. Additionally, counsel has properly complied with the procedural and substantive requirements to withdraw as counsel under ***Anders*** and ***Santiago***. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014